Shawn Hanson (State Bar No. 109321)
shanson@jonesday.com
Katherine S. Ritchey (State Bar No. 178409)
ksritchey@jonesday.com
Emily E. Booth (State Bar No. 248008)
ebooth@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
STANDARD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN W. DEWITT,** | Case No. C-08-cv-00330-SC |
| **Plaintiff,** | **JOINT STATUS REPORT** |
| v. | **DATE:** April 25, 2008 |
| **STANDARD INSURANCE COMPANY; DOES 1 THROUGH 100,** | **TIME:** 10:00 AM<br>**JUDGE:** The Hon. Samuel Conti |
| **Defendant.** | |

Pursuant to Local Rules 16-9 and Federal Rule of Civil Procedure 26(f), Plaintiff John Dewitt ("Plaintiff") and Defendant Standard Insurance Company ("Standard") respectfully submit this Joint Case Management Statement in connection with the Case Management Conference currently scheduled for April 25, 2008.

1. **Jurisdiction and Service**

Jurisdiction of the United States District Court over the parties is based on the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. Venue is proper in this court under 28 § U.S.C. 1391(a).

2. **Facts**

The City of Los Angeles provided certain employee benefits, including short term and long term disability coverage, to its employees. The disability coverage was funded by a group

short-term disability insurance policy and a group long-term disability insurance policy (the "Plan Policies") issued by Standard.

Mr. Dewitt ceased work for the City of Los Angeles on or about June 28, 2004 and submitted a claim for short-term disability benefits pursuant to the Policies. In August of 2004 Standard denied Mr. Dewitt's claim. Mr. Dewitt filed a new claim in 2006. Standard denied his claim by letter dated September 28, 2006. In this lawsuit, Mr. Dewitt seeks benefits under the Plan Policies, and Standard maintains that he is not entitled to any relief.

3. **Legal Issues**

The primary legal issue is whether Mr. Dewitt is entitled to benefits under the terms of the Policies.

4. **Motions**

Standard anticipates filing a Summary Judgment Motion by April 20, 2009.

5. **Amendments of Pleadings**

The parties do not currently anticipate any amendment of the pleadings.

6. **Evidence Preservation**

The parties have taken steps to preserve evidence relevant to the issues reasonably evident in this action. The parties agree that documents relating to Standard's administration of Plaintiff's claim for benefits will be produced in hard copy format, and that inaccessible data (e.g. backup tapes) are not at issue.

7. **Disclosures**

The parties do not currently believe any changes to the timing, form or requirements for disclosures under Rule 26(a) are necessary and intend to make disclosures within the timeframe required by Rule 26.

8. **Discovery**

The parties anticipate that they will seek written discovery relating to allegations in the Complaint as well as deposition testimony of Plaintiff, her medical care providers, and other persons with knowledge. The parties anticipate that all fact discovery in this case will be completed by January 20, 2009 and all expert discovery by April 20, 2009.

1  9. **Class Actions**

2  Not applicable.

3  10. **Related Cases**

4  This case is not related to any other case pending in this district, including the bankruptcy

5  courts in this district.

6  11. **Relief**

7  Plaintiff seeks damages for failure to provide benefits under the Policy, plus interest,

8  including prejudgment interest, and other economic and consequential damages, general damages

9  for mental and emotional distress, punitive damages, costs of suit, and attorneys' fees.  Standard

10 disputes that Plaintiff is entitled to any benefits or other relief under the Policy, or at all, and

11 seeks an award of its costs and attorneys' fees.

12 12. **Settlement and ADR**

13 The parties believe that an early mediation is appropriate for this case, and have agreed to

14 pursue ADR through Court's mediation program.

15 13. **Consent to a Magistrate Judge for All Purposes**

16 Standard declined assignment of this case to a magistrate judge for all purposes.

17 14. **Other References**

18 The parties do not believe that this case is suitable for reference to binding arbitration, a

19 special master, or the Judicial Panel on Multidistrict Litigation.

20 15. **Narrowing of Issues**

21 The parties do not believe that the issues can be narrowed at this point.

22 16. **Expedited Schedule**

23 The parties do not believe this case is appropriate for an expedited schedule.

24 17. **Scheduling**

25 The parties suggest the following schedule for future proceedings:

| | |
|---|---|
| **Target Date for Completion of Fact Discovery Deadline** | January 20, 2009 |
| **Deadline to File Motions** | April 20, 2009 |

| **Final Pretrial Conference** | June 19, 2009 |
|---|---|
| **Trial** | August 20, 2009 |

18. **Trial**

    Plaintiff has requested a jury trial. The parties estimate a 3-5 day trial.

19. **Disclosure of Non-Party Interested Entities or Persons**

    Standard filed a "Disclosure of Non-Party Interested Entities or Persons" on January 17, 2008 in which it disclosed that StanCorp Financial Group, Inc., parent company of Standard, is an interested entity in this matter. Mr. Dewitt had not filed his disclosures, but will do so by the date of the case management conference.

20. **Other**

    There are currently no other matters to facilitate the disposition of this action.

Dated: April 17, 2008　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　JONES DAY


By:　/s/ Emily E. Booth
　　　Emily E. Booth

Counsel for Defendant
Standard Insurance Company

Dated: April 17, 2008　　　　　　　　　　THE LAW OFFICES OF FRICKER & MELLEN


By:　/s/ Karen Creech
　　　Karen Creech

Counsel for Plaintiff John Dewitt

SIGNATURE ATTESTATION

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

Dated: April 17, 2008

Respectfully submitted,

JONES DAY

By:   /s/ Emily E. Booth
     Emily E. Booth

Counsel for Defendant
Standard Insurance Company